United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH EUGENE BAKER,<br><br>    Defendant.<br>                                            / | No. CR 02-00316 WHA<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

**INTRODUCTION**

Defendant, proceeding *pro se*, moves for early termination of supervised release. The motion is **GRANTED**. Supervised release is hereby terminated, effective now.

**STATEMENT**

In 2004, defendant Joseph Eugene Baker was sentenced for possession of methamphetamine with intent to distribute (Dkt. No. 152). As part of his sentence, defendant served a term of custody to be followed by five years of supervised release. That period of supervised release began on January 30, 2012.

Probation reports that defendant currently works as a recruiter for Medsearch Staffing Services, Inc. In that connection, defendant declares that his work is full-time (*i.e.*, "40+ hours per week"), and that he began working for Medsearch Staffing on January 21, 2013 (Dkt. No. 172). Defendant also declares that prior to his present job, he worked at least eight hours a day in an advertising sales executive position with Adams Street Publishing. That position began on

October 31, 2011 (while defendant stayed at a halfway house), and ended on January 18, 2013. Letters from defendants' current and former employers confirm the foregoing details (*ibid.*).

Both the government and probation have filed responses to defendant's motion. Having considered those responses as well as defendant's submissions, the motion for early termination is **GRANTED**.

## ANALYSIS

Under factors set forth in 18 U.S.C. 3553(a), a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

To date, defendant has completed just over two years of supervised release. Confirming his full-time employment with Medsearch Staffing, probation also submits that he "has done well on supervision" and is in compliance with the terms and conditions of supervised release. To that end, probation writes that it "has no objections to his early termination" of supervised release (Dkt. No. 174). The government likewise states that it "does not oppose [defendant's] request" for early termination (Dkt. No. 173).

In light of these affirmative statements that the government and probation do not oppose early termination, as well as defendant's compliance with supervision and his continual full-time employment since supervision began, supervised release is terminated, effective now.

**CONCLUSION**

Supervised release of defendant Joseph Eugene Baker is hereby **TERMINATED**, effective now.

**IT IS SO ORDERED.**

Dated: April 23, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3